IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

COREY VOGT,

        Plaintiff,

v.

RUTGERS UNIVERSITY HEALTH
DEPARTMENT FOR THE DEPARTMENT
OF CORRECTIONS,

        Defendant.

Civil Action
No. 15-3056 (AET-DEA)

**OPINION**

RECEIVED

SEP - 1 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

APPEARANCES:

Corey Vogt, Plaintiff Pro Se
#676974/885841C
Bayside State Prison
4293 Route 47
Leesburg, New Jersey 08327

**THOMPSON, District Judge:**

**I. INTRODUCTION**

    Before the Court is Plaintiff Corey Vogt's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at Bayside Prison ("BSP"), Leesburg, New Jersey. By Order entered July 22, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis* and filed the complaint. (Docket Entry 6). At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a

defendant who is immune from such relief. For the reasons set forth below, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff brings this civil rights action against Defendant Rutgers University Health Department for the Department of Corrections ("Rutgers"). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff was admitted to the Central Reception and Assignment Facility ("CRAF") on or about January 9, 2015. (Docket Entry 1 at 5). He informed unidentified staff members of his extreme pain "due to medical problems both new and old" that were documented on his records, but he did not receive any "pain management" or "physical therapy." (Docket Entry 1 at 5). Plaintiff was transferred to Southern State Correctional Facility ("SSCF") on or about March 13, 2015. (Docket Entry 1 at 5).

Upon his arrival at SSCF, he informed Dr. Pomagrant[1] of his "physical conditions," which included unspecified mobility issues, and that he had a pain level of "10 out of 10 on a daily [basis]." (Docket Entry 1 at 5). Once again, he did not receive any treatment. (Docket Entry 1 at 5). Dr. Pomagrant filed an

---

[1] The complaint does not indicate by whom Dr. Pomagrant is employed.

intuitional charge against Plaintiff that was later dismissed. (Docket Entry 1 at 5). Plaintiff was thereafter transferred to BSP, where he was again denied "proper pain management" as well as housing that accommodated his physical limitations. (Docket Entry 1 at 5).

Plaintiff had knee surgery on March 19, 2015. (Docket Entry 1 at 5). The orthopedic surgeon prescribed Norco,[2] taken once a day, and an anti-inflammatory medication, taken four times a day. (Docket Entry 1 at 5). Plaintiff states he was never given the recommended treatment, leaving him with extreme pain and limited mobility. (Docket Entry 1 at 5-6). He states that in spite of using the Inmate Remedy System and contacting the Head Advocate for Inmate Medical Problems, the medical staff have refused to provide proper treatment for his pain. (Docket Entry 1 at 6).

Plaintiff seeks unspecified monetary damages as well as injunctive relief. He also asks this Court to revoke Dr. Pomagrant's medical license. (Docket Entry 1 at 7).

## II. DISCUSSION

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in

---

[2] Norco is a combination of acetaminophen and hydrocodone, which is a narcotic pain medication. Norco is used to relieve moderate to severe pain and is potentially addictive. NORCO, http://www.drugs.com/norco.html (last visited August 13, 2015).

3

which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir.

4

factual matter" to show that the claim is facially plausible. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

---

2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

5

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C. **Eighth Amendment Claim**

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106. As Plaintiff has named Rutgers as the sole defendant, he is presumably seeking to hold Rutgers responsible for all of the doctors' actions.[4] His claims fail as a matter of law.

Plaintiff has not alleged that each of the various medical doctors who allegedly denied him adequate medical care are employees of Rutgers. Thus, this Court cannot infer from the complaint that Rutgers had any supervisory authority over all of the medical personnel at each institution in which Plaintiff was housed. Furthermore, in order for a government entity to be liable

---

[4] Institutions and physicians who are under contract to provide medical services to inmates at a state prison act "under color of state law" for § 1983 purposes. *See West*, 487 U.S. at 54; *Walker v. Horn*, 385 F.3d 321, 332 (3d Cir. 2004).

6

under § 1983 for the actions or inactions of its employees,[5] a plaintiff must allege that a policy or custom of that entity caused the alleged constitutional violation. *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 583 (3d Cir. 2003) (citing *Bd. Of Cnty. Comm'rs of Bryan Cnty. Oklahoma v. Brown,* 520 U.S. 397, 404 (1997)); *see also Defreitas v. Montgomery Cnty. Corr. Facility*, 525 F. App'x 170, 177 (3d Cir. 2013) (listing three ways a policy or custom can be established). Plaintiff has not alleged there is a relevant Rutgers policy or custom that violated his constitutional rights, nor has he alleged that Rutgers violates federal law in the absence of a formally announced policy. He also does not allege that Rutgers has failed to act at all, in spite of the fact that there is an obvious need for Rutgers "to take some action to control [of its agents] . . . , and the inadequacy of existing practice [is] so likely to result in the violation of constitutional rights, that [Rutgers] can reasonably be said to have been deliberately indifferent to the need." *Defreitas*, 525 F. App'x at 177 (internal citations omitted). Plaintiff has therefore failed to sufficiently allege Rutgers was deliberately indifferent to his medical needs.

To the extent Plaintiff attempts to assert denial of medical care claims against the individual medical staff, such claims also

---

[5] The Court presumes for purposes of this screening opinion only that Rutgers is not entitled to Eleventh Amendment immunity. *See Kovats v. Rutgers, State Univ.,* 822 F.2d 1303 (3d Cir. 1987).

fail. Plaintiff cursorily states in the complaint that Dr. Pomagrant denied him proper treatment without asserting a specific "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). He likewise fails to provide any non-conclusory facts regarding his allegation that the medical personnel did not give him "proper treatment." In order for this Court to reasonably infer a constitutional violation took place, Plaintiff must provide more factual detail regarding what treatment should have been provided. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is not sufficient for a complaint to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must therefore be dismissed at this point in time.

Plaintiff may, however, be able to set forth facts that would permit his claims to go forward. He shall therefore be permitted to move for leave to amend his complaint within thirty (30) days of the date of this Opinion and Order. Any motion for leave to amend must be accompanied by a proposed amended complaint. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be

8

clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

### III. CONCLUSION

For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. Plaintiff shall be granted leave to move to re-open this action and to file an amended complaint on these claims. An appropriate order follows.

_8/23/15_
Date

ANNE E. THOMPSON
U.S. District Judge